UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE MAJOR, | 1: 08 CV 0160 WMW HC |
| Petitioner, | MEMORANDUM OPINION AND ORDER RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | [Doc. 10] |
| JAMES D. HARTLEY, WARDEN, | |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. Pursuant to Title 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge. Pending before the court is Respondent's motion to dismiss.

**PROCEDURAL HISTORY**

On November 7, 2003, Petitioner pled no contest in Kings County Superior Court to assault with caustic chemicals or flammable substances. On December 16, 2003, the court sentenced Petitioner to a determinate prison term of 8 years. Petitioner did not file a direct appeal.

Petitioner subsequently filed fifteen pro se state post-conviction collateral challenges:[1]

First Petition

August 14, 2004:  Petition for writ of habeas corpus filed in Kings County Superior Court

September 29, 2004: Petition denied

Second Petition

October 15, 2004[2]: Petition for writ of habeas corpus filed in California Court of Appeal

October 21, 2004: Petition denied.

Third Petition

November 24, 2004:   Petition for writ of habeas corpus filed in California Court of Appeal

January 19, 2005: Petition denied.

Fourth Petition

February 28, 2005:  Petition for writ of habeas corpus filed in California Supreme Court

January 18, 2006: Petition denied.

Fifth Petition

March 26, 2006: Petition for writ of habeas corpus filed in Kings County Superior Court

March 29, 2006: Petition denied.

Sixth Petition

April 10, 2006:  Petition for writ of habeas corpus filed in California Court of Appeal

May 31, 2006: Petition denied.

Seventh Petition

June 22, 2006:  Petition for writ of habeas corpus filed in California Supreme Court

February 7, 2007: Petition denied, citing In re Clark, 5 Cal.4th 750 (1993); In re Miller, 17 Cal.2d 734 (1941).

---

[1] Filing dates are based on the mailbox rule, pursuant to Rule 3(d) of the Federal Rules Governing Section 2254 Cases.

[2] This petition bears a signature date of August 14, 2004.  It was not, however, received by the Court of Appeal until October 14, 2004.  The court finds, as Respondent argues, that Petitioner has not made the showing required by Rule 3(d) of the Rules Governing Section 2254 Cases and that Petitioner is not entitled to the benefit of the mailbox rule in regard to this petition.

<u>Eighth Petition</u>

April 3, 2007:  Petition for writ of habeas corpus filed in Kings County Superior Court

May 3, 2007: Petition denied

<u>Ninth Petition</u>

May 21, 2007:  Petition for writ of habeas corpus filed in California Court of Appeal

July 13, 2007: Petition denied.

<u>Tenth Petition</u>

May 29, 2007:  Petition for writ of habeas corpus filed in Kings County Superior Court

July 25, 2007: Petition denied.

<u>Eleventh Petition</u>

July 23, 2007:  Petition for writ of habeas corpus filed in California Supreme Court

January 3, 2008: Petition denied.

<u>Twelfth Petition</u>

August 13, 2007:  Petition for writ of habeas corpus filed in California Court of Appeal

February 19, 2008: Petition denied.

<u>Thirteenth Petition</u>

November 15, 2007:  Petition for writ of habeas corpus filed in California Supreme Court

April 30, 2008:  Petition denied, citing <u>In re Clark</u>, 5 Cal.4th 750 (1993; <u>In re Robbins</u>, 18 Cal.4th 770, 780 (1998); <u>In re Miller</u>, 17 Cal.2d 734 (1941).

<u>Fourteenth Petition</u>

December 31, 2007: Petition for writ of habeas corpus filed in California Supreme Court

April 30, 2008: Petition denied, citing <u>In re Robbins</u>, 18 Cal.4th 770, 780 (1998); <u>In re Miller</u>, 17 Cal.2d 734 (1941)

<u>Fifteenth Petition</u>

February 14, 2008: Petition for writ of habeas corpus filed in California Supreme Court

Petition was pending at the time Respondent filed his motion to dismiss.

Petitioner filed the present federal petition on January 31, 2008.

Petitioner filed the present action on January 31, 2008.

## LEGAL STANDARD

<u>JURISDICTION</u>

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3);  <u>Williams v. Taylor</u>, 120 S.Ct. 1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution.  In addition, the conviction challenged arises out of the Kings County Superior Court, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 2241(d).  Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting <u>Drinkard v. Johnson</u>, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

<u>STANDARD OF REVIEW</u>

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. <u>Williams v. Taylor</u>, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable

1. determination of the facts in light of the evidence presented in the State Court proceeding." 28
2. U.S.C. § 2254(d); <u>Lockyer v. Andrade</u>, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth
3. Circuit's approach in <u>Van Tran v. Lindsey</u>, 212 F.3d 1143 (9th Cir. 2000)); <u>Williams v. Taylor</u>, 120
4. S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court
5. concludes in its independent judgment that the relevant state-court decision applied clearly
6. established federal law erroneously or incorrectly." <u>Lockyer</u>, at 1174 (citations omitted). "Rather,
7. that application must be objectively unreasonable." <u>Id.</u> (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, <u>Barefoot v. Estelle</u>, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); <u>Harris v. Nelson</u>, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); <u>Purkett v. Elem</u>, 514 U.S. 765, 115 S.Ct. 1769 (1995); <u>Thompson v. Keohane</u>, 516 U.S. 99, 116 S.Ct. 457 (1995); <u>Langford v. Day</u>, 110 F.3d 1380, 1388 (9th Cir. 1997).

**DISCUSSION**

Respondent moves to dismiss this petition on the ground that it is untimely and barred by the statute of limitations. Petitioner opposes the motion.

<u>Procedural Basis for Motion to Dismiss</u>

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the Attorney General, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. <u>See</u>, <u>e.g.</u>, <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420

(1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).  Based on the Rules Governing Section 2254 Cases and case law, the court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

Statute of Limitations Bar

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1).  As amended, Section 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> © the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this case, Petitioner did not file a direct appeal after he was sentenced on December 16, 2003.  Petitioner's conviction therefore became final when the sixty-day deadline to appeal the imposition of sentence expired on February 14, 2004. .  See Cal.R.Ct. 31(a)(renumbered to rule 8.308).  The one-year statute of limitations began running the following day - - February 15, 2004. 1995.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001)(citing Fed.R.Civ.P. 6(a)).  Thus, absent tolling, the last day to file a federal petition was February 14, 2005.  The present petition was not filed until January 31, 2008.  Thus, absent tolling of the statute, the petition is untimely.

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[3] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); see, also, Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court. Id. at 1005. In Carey v. Saffold, 536 U.S. 214, 122 S.Ct. 2134 (2002), the Court determined that under California's collateral review process, the intervals between a lower court decision and the filing of a new petition in a higher court are within the scope of the statutory word "pending." Id. at 2140. Thus, as in Nino v. Galaza, tolling occurs during the intervals between petitions in the state courts. See also Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005)(holding that the limitations period is tolled while "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending").

Respondent does not argue that Petitioner's first or second post-conviction petitions were improperly filed, and therefore concedes that Petitioner is entitled to statutory tolling for the period of August 14, 2004, through October 21, 2004.

Respondent contends that Petitioner is not entitled to statutory tolling between the denial of his second post-conviction petition on October 21, 2004, and the filing of his third post-conviction petition on November 24, 2004. Respondent argues that because the third post-conviction petition was again brought before the California Court of Appeal, Petitioner was not proceeding in an orderly

---

[3] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See, Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See, id.

fashion between subsequent levels of the state courts, and he is not entitled to tolling under <u>Nino.</u>

The court agrees with Respondent that Petitioner's repeated filing in the Court of Appeal does not constitute part of a round of collateral review such as was contemplated by <u>Nino</u>. Accordingly, Petitioner is not entitled to statutory tolling for the period in question.

Respondent does not contend that Petitioner's third and fourth post-conviction petitions were improperly filed, and therefore concedes that Petitioner is entitled to statutory tolling from November 24, 2004, through January 18, 2006.

Respondent contends that Petitioner is not entitled to statutory tolling under <u>Nino</u> for the time period between the resolution of his fourth post-conviction petition and the filing of his fifth post-conviction petition. Respondent notes that after the fourth petition was filed with the California Supreme Court, the fifth petition was filed with the Kings County Superior Court. Respondent argues that <u>Nino</u> does not contemplate tolling during the time that elapses between separate rounds of challenges through the state court system, i.e., the gap between the conclusion of a first series of filings that proceed up the state court hierarchy and the beginning of a second one.

The court agrees with Respondent that Petitioner is not entitled to statutory tolling for the time period between the resolution of his fourth post-conviction petition and the filing of his fifth post-conviction petition. It is well-established in the Ninth Circuit that statutory tolling is not available between rounds of post-conviction challenges in the California courts. See <u>Biggs v. Duncan</u>, 339 F.3d 1045, 1048 (9th Cir. 2003)(to avoid running afoul of statute of limitations, petitioner who has completed one full round of collateral review should ask the district court to exercise its discretion to stay the action while he completes the second round); <u>Delhomme v. Ramirez</u>, 340 F.3d 817, 821 n.3 (9th Cir. 2003)(purpose of one-year statute of limitations to allow petitioner to complete one full round of review in state courts); <u>Lomeli v. Gordon</u>, 149 Fed.Appx. 640, 642-43 (9th Cir. 2005) ("[b]ecause the fourth petition began a new round of review, the interval between petition number 3 and petition number 4 was not tolled for purposes of determining the timeliness of Lomeli's federal habeas petition").

Respondent does not argue that the fifth and sixth petitions were improperly filed, and thus concedes that Petitioner is entitled to tolling for the period from March 26, 2006, through May 31,

2006.

The California Supreme Court found the seventh petition to be untimely, citing In re Clark, 5 Cal.4th 750 (1993). The Supreme Court has stated, "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Pace v. DiGuglielmo, 544 U.S. at 412(quoting Carey v. Saffold, 536 U.S. 214, 226 (2002)). The court agrees with Respondent that the California Supreme Court's express finding that Petitioner's habeas corpus petition was untimely under California law means that the petition was not "properly filed" and therefore did not toll the limitations period. See Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005) ("[b]ecause the California courts dismissed Bonner's petition as untimely, his petition was not "properly filed" under AEDPA. Accordingly, he is not entitled to tolling under § 2244(d)(2)").

In opposing the motion to dismiss, Petitioner makes a general claim that he could not have discovered his claims before the Court of Appeal provided him with a copy of the trial court transcript on May 31, 2006. He then argues that under Section 2244(d)(1)(B), he is entitled to have the statute of limitations begin running from that date. Essentially, he claims that the trial court's failure to provide him with a copy of the transcript at an earlier date constituted state action that was an impediment to him filing the present action. The court finds this claim to be without merit.

The two claims Petitioner raises in the present petition are as follows:

12-29-03, Petitioner was sentenced to the high term from the trial 2-3-4 and given the high term of 4 yrs. per agreement of a plea of nolo contendere.
Petitioner's agreement of the 4 yrs was not honored. Due to there was no discussion of any extra 4 yrs. for prior convictions which made petitioner's sentence 8 yrs. total. Factors should have been decided by a jury if I am to receive another 4 yrs. and not the judge.

Violation of 6th and 14 amendment

traumatized by being in administrative segregation for the initial charge attempt 187. Had petitioner afforded the appropriate counseling this matter would not be. Traumatized, believing what Mr. Oliver stated, If I did not take the 4 yrs. I would get 9 yrs. to life. I took the deal.

The court finds that there is nothing about these claims which required the review of the transcript for them to discovered. Clearly, Petitioner knew, without reference to the transcript, what length of prison term he received. Accordingly, the court rejects Petitioner's claim that he is entitled to a delay in the beginning of the running of the statute of limitations period.

With the benefit of intermittent tolling as set forth above, the statute of limitation expired on August 25, 2006. Therefore, Petitioner's eighth through fifteenth state petitions were filed after the expiration of the statute of limitations. Because the limitations period had already expired, these collateral challenge had no tolling consequence. Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run) .

In light of all of the above, the court finds that the present petition, filed January 31, 2008, was untimely and is barred by the statute of limitations.

Petitioner may seek to appeal from the judgment of the court in this case. Petitioner cannot proceed on such an appeal absent a certificate of appealability. The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In the present case, the court finds no denial of a constitutional right. Accordingly, a certificate of appealability will be denied.

Based on the foregoing, IT IS HEREBY ORDERED as follows:
1) Respondent's motion to dismiss is GRANTED;
2) This petition for writ of habeas corpus is DISMISSED as barred by the statute of limitations;
3) A certificate of appealability is DENIED; and
3) The Clerk of the Court be directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

**Dated:    December 10, 2008**                   **/s/  William M. Wunderlich**
                                                  UNITED STATES MAGISTRATE JUDGE